*Patry v. Menard*, No. 612-10-16 Wncv (Teachout, J., Sept. 27, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                                          **CIVIL DIVISION**
**Washington Unit**                                                                      **Docket No. 612-10-16 Wncv**

**MATTHEW PATRY**
     **Plaintiff**

     **v.**

**LISA MENARD**
     **Defendant**

### DECISION
### The State's Motion to Dismiss

After inmate Matthew Patry was re-incarcerated following seven years on escape status, it was determined at a January 2016 "case staffing" that he was inappropriate for furlough and that the decision would be reviewed in two years. He grieved that decision, claiming that Department of Corrections officials had arrived at it in retaliation for a "light" sentence on the escape charge. Prior to any decision by the Commissioner on that grievance, a new case staffing was held in September 2016. It again was determined that he was inappropriate for furlough and that the decision would be reviewed in two years.

In October 2016, *after* the September 2016 case staffing, Mr. Patry filed this case seeking Rule 75 review of the January 2016 case staffing, not the September 2016 one. The State filed a motion to dismiss, essentially arguing that the January 2016 case staffing had become moot due to the subsequent September 2016 case staffing.

Mr. Patry then amended his complaint to challenge the outcome of his September 2016 case staffing, not the January 2016 one, asserting that he exhausted administrative remedies with his grievance of the January 2016 case staffing. No grievance of the September 2016 case staffing had ever been initiated.

The State then filed a second motion to dismiss, arguing that the court lacks subject matter jurisdiction because Mr. Patry never grieved his September 2016 case staffing. Mr. Patry opposes dismissal, arguing that "[t]he mere fact that DOC reaffirmed an earlier decision does not require Mr. Patry to grieve it again." Plaintiff's Response to DOC's Motion to Dismiss 2 (filed July 17, 2017). The implication in Mr. Patry's argument is that the court should overlook the failure to grieve the September 2016 case staffing because it was not a genuine case staffing but merely rubber-stamped the January 2016 case staffing; it was not an independent decision by the DOC that needed to be grieved prior to seeking review here.

Mr. Patry was required to grieve the September 2016 case staffing, failed to do so, and therefore this court lacks subject matter jurisdiction over this case. See *Pratt v. Pallito*, 2017 VT 22, § 15 (failure to exhaust deprives court of subject matter jurisdiction).

1

Plaintiff claims, in both the original and amended complaints, that the case staffing decision was done in retaliation against him. In his administrative grievance and the original complaint in this case, Mr. Patry asserted that the DOC had purposely manipulated its furlough decision to retaliate against him because it was upset that the sentencing court on the escape charge was too lenient.

The September 2016 case staffing occurred *before* Mr. Patry filed this case. It is the September 2016 case staffing for which Mr. Patry seeks review in this case. He has withdrawn his claims about the January 2016 case staffing. In his amended complaint, his allegation of retaliation is this: "DOC's attempt to refuse to release [Mr. Patry] after his successful administrative litigation of his high-risk and Level C status amount to unlawful retaliation, as there is no legitimate basis upon which to deny him furlough." Amended Complaint ¶ 8.

As Petitioner's counsel points out, a Rule 75 petition for review of a decision claimed to be based on unconstitutional retaliation may survive a motion to dismiss. *In re Girouard,* 2014 VT 75. However, "[t]o make a claim of unconstitutional retaliation, petitioner must demonstrate that he engaged in constitutionally protected conduct and that the protected conduct was a 'substantial or motivating factor' in DOC's decision to require additional programming and deny him furlough." *Id* at ¶ 13 (citation omitted).

Petitioner has not made such a showing in this case. He argues that retaliation must be the reason because otherwise he sees no reason why he should not have been furloughed. In *In re Girouard,* the Court stated, "We understand the concern that retaliation claims by prisoners are prone to abuse. We support the notion that 'wholly conclusory' complaints alleging retaliation can be dismissed at the pleading stage." *Id.* at ¶ 16 (citation omitted). While Mr. Patry's complaint contains a number of specific allegations, the inference of retaliation is wholly conclusory. He has not alleged a claim of unconstitutional retaliation.

*Pratt v. Pallito*, 2017 VT 22, was decided after *In re Girouard.* Based on the ruling in *Pratt,* it is not at all clear that even a claim of unconstitutional retaliation would exempt a plaintiff from the requirement of exhausting administrative remedies through the grievance process. As noted above, under *Pratt,* this court does not have jurisdiction to consider a matter for review unless administrative remedies have been exhausted.

Moreover, the fact that the first case staffing was grieved and the result of the second was similar to the result of the first does not exempt a petitioner from the requirement to exhaust as to the specific decision. The administrative review process provides the opportunity to address the specific circumstances of the particular decision at issue, including any changes that may have occurred from the time of a prior decision, as in this case. Failure to exhaust deprives the administrative agency of the opportunity to fully consider the issues involved in the second circumstance. Even though the claim in both cases is retaliation, the particular facts and circumstances are different, and thus no exemption from the exhaustion requirement is warranted.

Mr. Patry failed to grieve his September 2016 case staffing and therefore failed to exhaust his administrative remedies, depriving this court of jurisdiction.

## ORDER

For the foregoing reasons, the State's motion to dismiss is *granted*.

Dated at Montpelier, Vermont this _____ day of September 2017.

 

_____
Mary Miles Teachout
Superior Judge